UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL VESPA** | * | **CIVIL ACTION NO. 2:12-CV-1706** |
| **FED. REG. #18176-101** | * | |
| | * | **SECTION P** |
| **VS.** | * | |
| | * | **JUDGE MINALDI** |
| **JOE P. YOUNG** | * | |
| | * | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Michael Vespa filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana (hereinafter "FCIO"). He names Warden J. P. Young as defendant herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

*Background*

Petitioner previously entered a guilty plea on one count of failing to register as a sex offender in violation of 18 U.S.C. § 2250. He was sentenced to seven years imprisonment, to run concurrent with his state sentence. His direct appeal to the Fifth Circuit was dismissed as frivolous. *United States v. Vespa*, 6:09-cr-6 (W.D. La. 4/29/2009).

In this suit petitioner claims that the sentencing judge ordered that he serve the sentence in a federal medical facility. He argues that FCIO is not a medical facility. Moreover, he contends that some of his medications for the treatment of HIV have been discontinued without doctor's orders.

Vespa claims that the above constitutes cruel and unusual punishment in violation of his Eighth Amendment rights under the United States Constitution.  He seeks an immediate transfer to a federal medical facility.  Furthermore, he requests that the discontinued medication once again be administered to him.  In the alternative, petitioner states that if the respondent cannot afford the medication, then this court should order his release so that he can provide for his own medical care.  Doc. 1, Att. 2.

*Law and Analysis*

At the outset, the court must determine whether to treat the above claims as a petition for a writ of habeas corpus, as plaintiff advances, or as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, (1971).  The Fifth Circuit phrased this inquiry as follows:

> The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures affecting "conditions" of confinement.

*Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994) (citing *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).

Based upon a review of the pleadings herein, it is clear that petitioner has asserted a civil rights claim. Specifically, his civil rights claims do not implicate the overall length of his confinement but rather the rules, customs, and procedures affecting his confinement.  He does not challenging his conviction, nor does he assert that he should not be in custody.  Thus, the petition for a writ of habeas corpus fails to state grounds upon which relief may be granted.

Accordingly,

**IT IS RECOMMENDED THAT** this petition for writ of *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE** to petitioner's ability to pursue such claims by filing the appropriate action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 27th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE